IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KARLEY PAREDES and** | § | |
| **CARLA PAREDES,** | § | |
| **Plaintiffs,** | § | |
| **V.** | § | **Civil Action No.** |
| | § | _____ |
| **THE ALLIANCE FOR** | § | **Jury Trial Demanded** |
| **MULTICULTURAL COMMUNITY** | § | |
| **SERVICES d/b/a THE ALLIANCE** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COMES NOW** Karley Paredes and Carla Paredes, hereinafter called Plaintiffs, complaining of The Alliance for Multicultural Services d/b/a The Alliance (hereinafter referred to as "Defendant") and in support of said cause of action, the Plaintiffs would respectfully show the Court the following:

### I. Parties

1. Plaintiff Karley Paredes is an individual and resident of Houston, Texas.

2. Plaintiff Carla Paredes is an individual and resident of Houston, Texas.

3. Defendant The Alliance for Multicultural Services d/b/a The Alliance is a domestic nonprofit corporation, conducting business in the state of Texas. Defendant may be served by serving its registered agent: National Registered Agents, Inc. 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

### II. Jurisdiction

4.      This is an action under Title 42 U.S.C. Section 2000e et. seq. and 42 U.S.C. Section 1981 as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race.

### IIII.  Exhaustion of Administrative Procedures

5.      All conditions precedents to jurisdiction have occurred or been complied with a charge of discrimination was filed with the Equal Employment Opportunity Commission within three hundred days of the acts complained of herein and Plaintiffs' Complaint is filed within ninety days of Plaintiffs' receipt of Equal Employment Opportunity Commission's issuance of a right to sue letter.

### IV. Jury Demand

6.      Plaintiffs assert their individual right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### V. Facts – Karley Paredes

7.      Plaintiff Karley Paredes is a Hispanic female.

8.      Plaintiff Karley Paredes began her employment with Defendant on or about January 10, 2018 as a Case Manager Supervisor.  On or about July 16, 2018, Plaintiff witnessed two employees, one of African American descent and the other of Vietnamese descent, skipping work together and ultimately submitting false timesheets. Plaintiff Karley Paredes determined that both employees were stealing time.  Plaintiff Karley Paredes reported her findings to Human Resources Director, Eric Carreia and Program Director An Phong Vo.  Plaintiff was instructed by Mr. Carreia and Ms. Vo to give the Vietnamese employee written reprimand.  However, the African American

employee was given a 60 day probation, placed on a performance improvement plan and ultimately was terminated.  When Plaintiff Karley Paredes inquired about the difference in treatment of both employees who were engaged the same act and cause Defendant similar harm, she was retaliated against.

9.      On August 13, 2018, while I was out on leave, An Phong called a meeting and announced to all Plaintiff Karley Paredes' subordinate Disaster Case Managers that effective immediately that Plaintiff Karley Paredes would no longer be their supervisor.

10.      Upon Plaintiff Karley Paredes' return, An Phong advised Plaintiff Karley Paredes that she would be moved to the Brazoria County office and that she had been replaced by a Vietnamese employee.

11.      Plaintiff Karley Paredes transitioned to the Brazoria County office, however she was the only supervisor required to  make daily physical appearances in the Brazoria County office, when other supervisors assigned to the same area were allowed to work remotely.  In additiona, An Phong regularly removed Plaintiff Karley Paredes' staff members.  Plaintiff Karley Paredes' Brazoria County office lacked basic supplies and equipment necessary to conduct Defendant's daily business.  Plaintiff Karley Paredes' numerous requests for these basic supplies and equipment went unanswered for months.

12.      On November 30, 2018 Plaintiff Karley Paredes discovered another employee of Vietnamese descent falsifying his timesheets and stealing time from Defendant.  Plaintiff Karle Paredes reported this incident to Human Resources, since An Phong was not in the office, and the employee was immediately terminated by a Human Resources director.

13.     Upon her return, An Phong became extremely angry.  Ms. Vo stated directly to Plaintiff Karley Paredes that Plaintiff Karley Paredes should not have reported employee for falsifying his timesheets.

14.     Plaintiff Karley Paredes was terminated on January 17, 2019.

## VI. Facts – Carla Paredes

15.     Plaintiff Carla Paredes is a Hispanic female.

16.     Plaintiff Carla Paredes is the sister of Plaintiff Karley Paredes.

17.     Plaintiff Carla Paredes began her employment with Defendant on or about January 30, 2018 as a Disaster Case Manager.  Plaintiff worked exclusively in the Harris County office.

18.     In August 2018, Plaintiff Carla Paredes was on sick leave and when she returned she was informed that Plaintiff Karley Paredes was no longer her supervisor. Shortly thereafter Plaintiff Carla Paredes was informed that she would be moved to the Galveston County – Eastend office. Plaintiff Carla Paredes was the only Disaster Case Manager in the Harris County office forced to Galveston County – Eastend office.

19.     An Phong Vo repeatedly denied Plaintiff Carla Paredes' requests for transfer back the Harris County office.

20.     Plaintiff Carla Paredes and other employees of Hispanic descent were paid less than their Vietnamese counterparts.

21.     Plaintiff Carla Paredes and other employees of Hispanic descent were repeatedly denied bonuses and raises and Vietnamese employees were regularly paid bonuses and provided raises.

22.      Mileage reimbursements for Plaintiff Carla Paredes and other employees were systematically delayed, whereas the mileage reimbursement for Vietnamese employees were paid upon requests.

## VI.   Race Discrimination

23.      Incorporating the facts in paragraphs 7-22 Plaintiff asserts Defendant intentionally engaged in unlawful employment practices involving Plaintiffs because of their race.

24.      Defendant intentionally engaged in unlawful employment practices involving Plaintiffs because of their race.

25.      Defendant discriminated against the  Plaintiffs in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive their of any employment opportunity or adversely affect their status because of Plaintiff's race in violation of 42 U.S.C. Section 2000e (2)(a).

26.      Defendant classified Plaintiffs in a manner that deprived her of an equal employment opportunity that was provided to other Vietnamese employees similarly situated in violation of 42 U.S.C. Section 2000e (2)(a).

27.      Plaintiffs allege that Defendant discriminated against them on the basis of race with malice or with reckless indifference to the federal-protected rights of Plaintiff.

28.      Defendant also retaliated against Plaintiffs in violation of 42 U.S.C. Section 1981.

29.      Defendant also violated Plaintiffs rights under 42 U.S.C. Section 1981.

## VII.  Damages

30.     Plaintiffs sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a.     All reasonable and necessary attorney's fees incurred by or on behalf Plaintiff;

    b.     Back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

    c.     All reasonable and necessary costs incurred in pursuit of this suit;

    d.     Expert fees as the Court deems appropriate;

    e.     Mental anguish in the past;

    f.     Mental anguish in the future;

    g.     Loss of earnings in the past;

    h.     Loss of benefits; and

    g.     All other relief the court deems reasonable and appropriate.

## VIII.  Exemplary Damages

31.     Plaintiffs would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiffs.  In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recover from Defendant for exemplary damages.

## IX. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Karley Paredes and Carla Paredes, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against

Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully Submitted,



By: */s/Shelly M. Davis-Smith*
     Shelly M. Davis-Smith
     Attorney-in-Charge
     State Bar No. 24050487
     Southern District Bar No:  629020
     sms@davis-smithlaw.com
     3100 Richmond Ave., Ste. 480
     Houston, Texas 77098
     Tel: (713) 349-9299
     Fax: (832) 767-6344
     Attorney for Plaintiff